## Brown v. Bensalem Township School District

*Jerome N. Berenson,* for plaintiff.
*John L. McDevitt,* for defendant.

GARB, *P.J.,* January 20, 1984—Plaintiffs have instituted suit seeking recovery for certain physical injuries allegedly incurred by the minor plaintiff. It is alleged that he suffered these injuries while a spectator at a baseball game held at an athletic field owned by defendant school district. The basis of plaintiff's cause of action is the alleged inadequate supervision by the agents, servants and employees of defendant school district in failing properly to supervise the aforesaid baseball game and to protect plaintiff as a spectator thereof.

Defendant has filed preliminary objections as in the nature of a demurrer asserting that it is immune from such liability. We agree, sustain the preliminary objections and dismiss the complaint.

By virtue of the Act of October 5, 1980, P.L. 693, No. 142, §221(1) 42 Pa. C.S.A. §8541, et seq. the legislature has ordained immunity from liability for "local agencies". That section provides that "no local agency" shall be liable for any damages on account of any injury to a person or property caused by any action of the "local agency" or an employee thereof, except as otherwise provided by the act. Section 8542 provides for the specific exceptions

from this statutory governmental immunity none of which apply herein. Notwithstanding the foregoing, plaintiffs assert that a local school district does not constitute a "local agency".

Admittedly, the term "local agency" is not defined in this subchapter of the Judicial Code. However, "local agency" is defined in Section 8501 of the Judicial Code as "a government unit other than the Commonwealth government." It is specifically provided, interestingly, that the term does include an "intermediate unit". The term "government unit" is defined in § 102 of the Judicial Code as "the General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system." The same section of the Judicial Code defines "government agency" as "any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." (Emphasis supplied.) A "political subdivision" is defined in the Act of July 9, 1976, P.L. 877, No. 160, §2, 1 Pa. C.S.A. §1991, the consolidated statutes applicable to all statutes enacted after 1937, as "any county, city, borough, incorporated town, township, *school district,* vocational school district and county institution district." (Emphasis supplied.) Therefore, we determined that the term "local agency" includes the defendant school district. As such, we are satisfied that the defendant is immune from suit in this case and the complaint must be dismissed.

## ORDER

And now, this January 20, 1984, it is hereby ordered that the preliminary objections as in the nature of a demurrer are sustained and the complaint is dismissed.